## Heilbruner & Co. *versus* Wayte.

51　　259
214　　3277

1. It is cause of complaint if the court in their charge omit facts material to one party, and ground their instruction only on that which made in favour of the other.

2. In an action to recover the price of goods sold, the vendee cannot defend on the ground of defect in the goods, unless he proves warranty or fraudulent representation.

3. In an action to recover the price of timber, the court charged: "The measurer is generally a sworn officer, and what he does is to be taken at least as *primâ facie* evidence that his measurement is correct." *Held* not to be error.

Error to the Court of Common Pleas of *Jefferson county.*

In the court below this was an action of *assumpsit* by Robert Wayte against L. Heilbruner, L. Einstine, and J. Adler, of the firm of L. Heilbruner & Co., as guarantors of the note of William Kelso for $515.

Wayte had sold to Heilbruner & Co. a quantity of timber for $1000 ; part being paid in cash, and the note of Kelso, endorsed by Heilbruner & Co., for $515 was given for the balance. At the time of the transaction, Wayte told Heilbruner & Co. that he wished both their names and Kelso's on the note, and Heilbruner & Co. told Kelso to sign it, and that he should have no trouble. It was signed and endorsed, and delivered to Wayte. There was other evidence also that Heilbruner & Co. recognised their obligation to pay the note. Wayte afterwards, when about to negotiate the note, endorsed it, writing his name above Heilbruner & Co. Suit was brought against Kelso on the note, and judgment recovered ; but before execution could be issued on it, all his property was sold under other judgments. After this Kelso was insolvent until his death. Heilbruner & Co. alleged that a large portion of the timber was rotten, and claimed a reduction of the note on that account. There was evidence on this point on both sides, amongst which was the testimony of the public measurer.

The court (Derrickson, A. J.) charged the jury that the evidence proved the liability of Heilbruner & Co. as guarantors, and further :

"If the timber was rotten and defective beyond what Oakley, the public measurer, says it was, and it was warranted sound, an allowance should be made for it. But a conclusion of this kind is not to be arrived at without satisfactory evidence of the defect. The measurer is generally a sworn officer, and what he does is to be taken at least as *primâ facie* evidence that his measurement was correct, and he does not contradict this in any part of his testimony which the defendants have read. Other witnesses speak differently of the character of the timber, and it is for the jury to judge and determine between them."

The jury found for the plaintiff $547.66.

In this court the defendants assigned for error,

1. That the court said the evidence, if believed, proved the defendants' liability as guarantors.

2. That the court so charged that the right to an abatement on the note was made to depend upon the timber having been *warranted* to be sound.

3. That the court impressed on the jury that the testimony of the public measurer was of more value on the question of soundness than the testimony of other witnesses.

*Jenks*, for plaintiff in error.—There is no fact which establishes the responsibility of defendants as guarantors : the defendants' endorsement was after the plaintiff's. Kelso was by plaintiff's stipulation to sign the note as principal ; he therefore relied on Kelso's responsibility rather than the defendants'.

Is it the law that the right to defalk on account of the unsoundness of the article sold, depends on an express warranty ?

The comments upon the testimony of the measurer were to withdraw the consideration of the testimony of the other witnesses. The whole evidence should have been so submitted as not to mislead the jury : Neiman *v.* Ward, 1 W. & S. 82; Harrisburg Bank *v.* Foster, 8 Watts 304; Hershearn *v.* Hacker, 9 Id. 455; Bovard *v.* Christy, 2 Harris 267.

*Gordon*, for defendants in error.—This note was made out of the usual course of business, and is, therefore, to be construed according to the understanding of the parties as shown in the evidence—not as a note for accommodation of Wayte : Shellenberger *v.* Nehf, 4 Casey 191. The evidence shows this was made out of the usual course of business.

The vendor cannot be made answerable for goods sold, unless there be an express warranty or fraudulent representation : Weimer *v.* Clements, 1 Wright 147.

The opinion of the court was delivered, January 18th 1866, by

AGNEW, J.—We discover no substantial error in the charge of the court below. It is true the judge omitted in his statement material facts bearing upon the case ; but this was prejudicial to the plaintiff and not to the defendant. The proof is clear and without contradiction that the note in question was given by Heilbruner & Co. upon the purchase of the timber, and by their bargain was to be endorsed by them. They were the purchasers of the timber, and were to pay for it by getting Kelso's note—and did so ; and at the time of the transaction he was expressly told by them he would have no trouble.

They endorsed it and delivered it to Wayte, and it was only when it became necessary to negotiate it, that Wayte afterwards

[Heilbruner *v.* Wayte.]

endorsed it above Heilbruner & Co.'s name.  In their letter to
Kelso, Heilbruner & Co. afterwards acknowledge the debt as
their own, tell him he shall have no trouble, and say they will
pay Wayte any day if he takes off the amount of the rotten tim-
ber.  The facts clearly sustain the instruction of the court, and
although not mentioned fully, it is very clear the judge did not
intend to ignore them.

Had there been an omission of facts material to the defence,
and giving to it greater effect, and the court had grounded their
instruction upon those only which made in favour of the plain-
tiff, the defendant would have had a just cause of complaint.  But
there was nothing of this.

The instruction referred to in the second assignment of error
conforms to the decisions in this state.  There being no fraud
alleged, it was necessary to show a warranty in order to defend,
on the ground that the timber was of bad quality.  This point is
expressly decided in Eagan *v.* Call, 10 Casey 236, to which may
be added Carson & McKnight *v.* Baillee, 7 Harris 375 ; Wetherill
*v.* Nelson, 8 Harris 448 ; and Weismer *v.* Clement, 1 Wright 148.

There is nothing in the remaining assignment of error, and
the judgment is therefore affirmed.