## T. Franklin Mewes *v.* The Crescent Pipe Line Company, Appellant.

*Pipe lines—Eminent domain—Evidence—Expert witness—Competency of witness.*

A witness is competent to testify as to damages caused by the construction of a pipe line across a farm, where it appears that he lived upon an adjoining farm and knew the one in question for over fifty years, knew the character and productiveness of its soil, the kind and quality of the improvements on it, the extent and sources of its water supply, and the prices at which lands in the neighborhood were held, and the prices at which they had been sold prior to the construction of the pipe line, and up to within six months of the trial; but one who has never seen the property, nor even been in its neighborhood, and knew of but one sale in the neighborhood, is not competent for that purpose.

Argued Feb. 11, 1895. Appeal, No. 461, Jan. T., 1894, by defendant, from judgment of C. P. Chester Co., Aug. T., 1893, No. 115, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal by plaintiff from the report of a jury of view, assessing damages for injuries sustained by reason of the defendant's location and construction of its pipe line upon his farm. Before HEMPHILL, J.

At the trial Josiah E. Mewes, a witness for the plaintiff, was asked the question:

"Q. Before the location of this pipe line across this farm of your brother, what was it worth per acre? A. I would judge it would fetch $80.00 an acre. Q. Since the location of that pipe line upon the premises, what in your judgment would it bring?

Mr. Reid: "I object to the question, on the ground that he has not given sufficient testimony showing that he is competent to testify as to what it is worth now with the pipe line upon it."

By the Court: " Q. Down to what time are you familiar with the sales? A. The sales of properties around, those that have been sold? Q. All the sales that have taken place? Down to what date are you familiar with the sales, and prices that have been paid? A. There was the Cochran property sold last spring. Q. That is the last sale you know of in your neighborhood? A. Yes. Q. Down to what time have you been familiar with the asking price in your neighborhood? A. About six months ago."

By Mr. Monaghan: " Q. Since the pipe line has been located through this farm, what in your judgment is it worth?"

Mr. Reid: " I object."

The Court: " Objection overruled. Bill sealed."

" Q. Just viewing everything, in the condition it is? A. I would make a depreciation of $30.00 to the acre.

By the Court: " Q. It is worth $50.00 an acre now, in your judgment? A. Yes. Q. That is what it would bring in the market? A. Yes." [1]

R. W. Schrack, a witness for plaintiff, was asked the questions:

" Q. Have you observed, either from this pipe line, or other pipe lines with which you have been familiar, the effect of the construction of a pipe line upon land? A. Yes, sir. Q. The general effect? A. Yes, sir. Q. And in the market as well? A. I cannot say I could in the market. Q. That is, whether it increases or decreases the value of real estate? A. I know of one property that was sold. Q. Do you know the general effect? A. Yes. Q. You have known this property for many years. If you have a judgment of its value immediately before the construction of the pipe line I wish you would give it? Q. What in your judgment was the value of this farm before the construction of the pipe line? A. About $70.00 an acre. Q. And what is your judgment of its value since the construction of the pipe line?"

Mr. Reid: " I object to that question."

The Court: " Objection overruled. Bill sealed."

" A. I think it would be worth $15.00 to $20.00 per acre less."

The Court: " Q. Have you any knowledge of sales of property through which pipe lines have passed? A. Not this pipe

line. Q. Or any other pipe line? A. Yes. Q. You speak from that knowledge? A. Yes, sir." [2]

Eli Thompson, a witness for defendant, was asked:

" Q. Where do you live? A. Kennet Square, at present. Q. Have you any personal knowledge of the effect of a pipe line upon the sale of real estate, as an easement? A. Yes. Q. What is it, and how do you know it? A. By the sale of a property. Q. Where and when? A. It was the Cope property that I was executor for. I sold that property in the fall of 1892. Q. With a pipe line on it? A. With a pipe line on it. Q. What in your judgment was the effect of the pipe line as to whether or not it depreciated the selling price of the property?"

Mr. Holding: "I object."

The Court: "I do not think he is competent. He has only testified to one instance."

Mr. Reid: "I am asking him about that one instance. I offer to ask him what was the effect of the pipe line upon the selling price of that property."

Mr. Holding: "I object."

The Court: "Objection sustained. Bill sealed." [3]

The testimony as to the qualifications of the three witnesses appears by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,612.50. Defendant appealed.

*Errors assigned* were, (1–3) rulings on evidence, quoting the bill of exceptions.

*S. D. Mitchell* and *Alfred P. Reid*, for appellant.—Josiah E. Mewes was not qualified to give an opinion as to the depreciation in the market value of the plaintiff's farm, because of the existence of the pipe line's easement upon it: Michael v. Crescent Pipe Line, 159 Pa. 99 ; Pittsburg etc. Ry. v. Vance, 115 Pa. 332 ; Beck v. Penna. P. & B. R. R., 148 Pa. 271 ; Jones v. R. R., 151 Pa. 30 ; Penna. & Poughkeepsie R. R. v. Root, 53 N. J. L. 253 ; Lawson on Expert and Opinion Evidence, 447 ; Brown v. R. R., 12 R. I. 238.

R. W. Schrack had not sufficient knowledge of the effect of such an easement upon the selling value of property to qualify

him to give an opinion: R. R. v. Patterson, 107 Pa. 464; Pittsburg etc. R. R. v. Vance, 115 Pa. 331; Curtin v. R. R., 135 Pa. 20; Michael v. Crescent Pipe Line Co., 159 Pa. 99.

If Schrack was competent to testify upon the effect of pipe line easement upon the selling value of farm lands on which they were located, it was error to reject the testimony of Eli Thompson to the same effect. He had sold a property with a pipe line easement upon it. Each knew of but one property sold thus affected.

*Holding,* of *Monaghan & Holding,* for appellee.—The witness must have a fair knowledge of the land in question, the extent and condition of its improvements, its quantity, quality, and productiveness, and the uses to which it may be reasonably applied, together with the general selling price of lands in the neighborhood at the time: Michael v. Crescent Pipe Line, 159 Pa. 99; Pitts., Virginia & Charleston R. R. v. Vance, 115 Pa. 325.

It has never been required of a witness, in order to make him competent, to give his opinion of the value of property and its depreciation by reason of the construction of a railroad, that he have knowledge of sales of real estate incumbered by a similar easement: Curtin v. R. R., 135 Pa. 20; Jones v. R. R., 151 Pa. 30; Beck v. R. R., 148 Pa. 271; Schuylkill R. R. v. Rees, 26 W. N. C. 502; R. R. v. Playford, 13 Cent. 94; R. R. v. Stocker, 128 Pa. 233.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895:

This case came into the court below on plaintiff's appeal from the report of viewers appointed to assess the damages he sustained by the defendant company's location, construction, etc. of its oil pipe line across his farm. On the trial of the issue, he called eleven witnesses for the purpose of showing the character of his farm, its size and productive qualities, the extent and condition of the improvements thereon, the manner in which it had been cut by the construction of defendant's pipe line, the way in which the soil had been broken, etc. in the process of its construction, the market value of the farm before and after the pipe line was constructed, etc. Nine of these witnesses were admittedly competent, and their testimony was

not excepted to. The other two, Josiah E. Mewes and R. W. Schrack, were objected to on the ground that they were incompetent to testify to the market value of the farm either before or after the construction of defendant's pipe line; but the objection was overruled and they both testified under exception. Eli Thompson, one of defendant's witnesses, was excluded by the court on the ground of incompetency. These rulings, admitting the testimony of the two first named witnesses and excluding that of the latter constitute the only assignments of error in this case.

Without referring at length to the testimony bearing on the qualifications of the two witnesses, Mewes and Schrack, it is enough to say that their competency to testify as they did was sufficiently established by competent evidence. It was shown in substance that Mr. Mewes lived upon the adjoining farm, and knew the one in question for over fifty years, knew the character and productiveness of its soil, the kind and quality of the improvements, extent and sources of the water supply, etc. He also knew the prices at which lands in the neighborhood were held, and the prices at which they had been sold prior to the construction of defendant's pipe line and up to within six months of the trial. These and other qualifying facts were sufficiently established before the witness was asked to give his opinion as to the market value of his brother's farm. In like manner, and by substantially the same kind of testimony, the competency of Mr. Schrack, the other witness, was sufficiently shown to justify his admission also.

Tested by the principle recognized in Michael v. Crescent Pipe Line Co., 159 Pa. 99, wherein Railway Co. v. Vance, 115 Pa. 325, and other cases are approvingly cited and followed, we are all of opinion that the testimony complained of was rightly admitted. In that case, the source, extent and character of the witnesses' knowledge did not satisfactorily appear. In the case now under consideration, we think it does; and hence the difference resulting from application of the same recognized test. It was not intended to adopt a severer test of competency in that case than had theretofore been applied to the same class of cases.

As to Mr. Thompson, the witness called by the defendant, his knowledge of the property was clearly not sufficient, under

the rule, to justify the admission of his testimony. He had never seen the property, nor was there any testimony to show that he had even been in the neighborhood. Unlike the plaintiff's witnesses, it did not appear that he had any personal knowledge of the "subject-matter of the inquiry."

Judgment affirmed.