## Hope v. Philadelphia & Western Railroad Company, Appellant.

*Railroad—Eminent domain—Land damages—Competency of witnesses—Evidence.*

In railroad condemnation proceedings witnesses are competent to testify on the question of land damages who state that they know the land in question, the character of the soil and of the improvements, and also that they know of sales and prices of real estate in the vicinity of the property.

The sum which the owner is entitled to recover by reason of the construction of a railroad through its land, is the difference in the market value of the property immediately before and after the construction of the road, and if a witness has a knowledge of the requisite facts to enable him to give the total amount of the difference, his inability to give the elements of damages does not render him incompetent. It simply affects the credit of the witness and the weight of his testimony. It may partly or wholly discredit his testimony with the jury, but his opinion of total or aggregate loss or value is permitted to go to the jury as some evidence of the value of the property and the damages sustained.

The question of the competency of a witness in cases of this character is a preliminary question and the trial court should see that the witness discloses his competency by a proper examination before he is permitted to testify generally.

Argued Feb. 6, 1905. Appeal, No. 247, Jan. T., 1904, by defendant, from judgment of C. P. Chester Co., Jan. T., 1904,

No. 77, on verdict for plaintiffs in case of Mary J. Hope and Clarence B. Hope, Administrators of Thomas Hope, deceased, v. Philadelphia & Western Railroad Company. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from award of jury of view. Before HEMPHILL, P. J. The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $8,350. Defendant appealed.

*Errors assigned* were in overruling objections to, and admitting evidence of, certain witnesses for plaintiffs.

*George Quintard Horwitz*, with him *E. Wilbur Kriebel* and *MacElree & Baldwin*, for appellant.—The witnesses were incompetent: Friday v. Penna. R. R. Co., 204 Pa. 405; Mewes v. Crescent Pipe Line Co., 170 Pa. 364; East Penna. R. R. Co. v. Hiester, 40 Pa. 53; Shano v. Bridge Co., 189 Pa. 245; Reyenthaler v. Philadelphia, 160 Pa. 195; Hewitt v. Pittsburg, etc., R. R. Co., 19 Pa. Superior Ct. 304.

*A. M. Holding*, for appellees.—The witnesses complained of were all competent: Penna. & N. Y. Railroad & Canal Co. v. Bunnell, 81 Pa. 414; Jones v. Railroad Co., 151 Pa. 30; Galbraith v. Phila. Co., 5 Pa. Superior Ct. 178; Smith v. Railroad Co., 205 Pa. 645; Pittsburg & Lake Erie Railroad Co. v. Robinson, 95 Pa. 426; Mewes v. Pipe Line Co., 170 Pa. 364; Lewis v. Springfield Water Co., 176 Pa. 230.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1905:

This was a proceeding in the court below to determine the the amount of damages sustained by the plaintiffs' intestate by reason of the location and construction of the defendant company's railroad through his farm in Chester county. The only question requiring consideration here is the competency of certain witnesses called by the plaintiffs to prove the damages which they allege they have sustained by reason of the construction of the railroad through the land. The settled rule

as to the measure of damages in such cases is the difference in market value of the whole property immediately before and after the construction of the road as affected by the improvement. To render a witness competent, therefore, to testify to the damages sustained in any particular case, he should have such knowledge as would enable him to estimate the market value of the entire tract of land both before and after the construction of the road through it. Adhering to this rule as the criterion of his competency, the witness should disclose some knowledge of the location of the land, its area, quality and productiveness, the extent and condition of the improvements, the manner in which the road passes through the premises, and of the value of other lands in the neighborhood at or about the time of the appropriation of the land by the railroad company. If the witness has some familiarity with these facts, his testimony must go to the jury. The extent of his knowledge affects the weight of his testimony and not his competency: Jones v. Railroad Co., 151 Pa. 30.

A witness need not be a real estate expert to qualify him to testify to the market value of property injured by the construction of a railroad through it, but all persons familiar with the property who have formed an opinion are competent to testify to its value: Jones v. Railroad Co., supra; Pennsylvania & New York R. R. & Canal Co. v. Bunnell, 81 Pa. 414; Beck v. Railroad Co., 148 Pa. 271. In Curtin v. Nittany Valley R. R. Co., 135 Pa. 20, it is held that a farmer, living a few miles distant, who has known a farm for forty years, seeing the greater part of it in passing and repassing upon the public road, has been upon it and at the buildings, and knows the general selling price of land in the neighborhood, is a competent witness as to market value. And in McElheny v. McKeesport & Duquesne Bridge Co., 153 Pa. 108, we held a witness competent who had known the property ten or fifteen years and knew of sales of like property in the neighborhood. In Pittsburg & Lake Erie R. R. Co. v. Robinson, 95 Pa. 426, GORDON, J., delivering the opinion of the court, said: " Though his (witness) knowledge of the value of lands in that neighborhood may have rested solely upon a few purchases made by the railroad company, and from no other sales or purchases in the real estate market, yet he had some knowl-

edge upon which to base an opinion, and the value of that opinion was for the jury." In Mewes v. Crescent Pipe Line Co., 170 Pa. 364, it is said by Chief Justice STERRETT, delivering the opinion, that in Michael v. Crescent Pipe Line Co., 159. Pa. 99, in which he also delivered the opinion, it was not intended to adopt a severer test of competency of witnesses called to testify to damages sustained in eminent domain cases than had theretofore been applied to the same class of cases, and it was there held that a witness was competent to give an opinion as to the market value of land who lived on the adjoining farm and knew the character of the soil and of the improvements, and the prices at which land in the neighborhood had been held and sold. In Pennock v. Crescent Pipe Line Co., 170 Pa. 372, the only qualification of the witness was his knowledge of the land and the prices brought by other lands in the neighborhood upon which a similar servitude had been imposed. In White Deer Creek Improvement Co. v. Sassaman, 67 Pa. 415, it was held that " the opinion of a witness acquainted with the facts, of the total or aggregate loss or value of injury, is evidence as to the amount, without describing the elements in detail."

The appellant has failed to quote in the assignments of error all the testimony bearing on the competency of the witnesses whose admission to testify is the subject of complaint in the assignments. We have, however, read the testimony as printed in the appendix of the paper-book, and are satisfied that the witnesses disclose a sufficient knowledge of the requisite facts to render them competent to testify in this case. The witness Long is a farmer and had resided in the vicinity of the Hope land nearly seventy years. Ramsey had lived in the vicinity of the land all his life and was familiar with it. Copeland is a farmer, was acquainted with the Hope property, and had resided within four miles of it for twenty-one years. William Mullen is a farmer and supervisor and lived within two miles of the Hope property and knew it well. Frank Russel is postmaster at Pomeroy, knew the property, and had lived in the neighborhood for thirty-seven or thirty-eight years. Samuel D. Parke owns a farm and lived all his life within two miles of the Hope property and had passed it frequently. These are the witnesses whose competency is questioned in the assign-

ments of error, and each of them testified that he knew the
Hope land through which the defendant's road is constructed,
that he knew the character of the soil and of the improvements,
and also knew of sales and prices of real estate sold in the vi-
cinity of the property.   It is, therefore, apparent, that these
witnesses were fully competent to estimate the market value
of the Hope land and to express an opinion as to the differ-
ence in its value before and after the construction of the rail-
road through it.   Their competency was tested and disclosed
in each instance by a preliminary examination before they
were permitted to testify generally.

The learned counsel for the appellant contend that three
of the witnesses disclosed incompetency by testifying that they
were unable to give the items which entered into their calcula-
tion of the damages sustained by the plaintiffs.   The author-
ities cited by the learned counsel do not sustain this conten-
tion.   They simply declare what " matters are to be taken into
consideration as affecting the market value."   But even when
the witness gives these matters (elements of damages) " they are
not separately to be estimated item by item and a result to be
reached by adding together the different estimates : "  Shano v.
Bridge Co., 189 Pa. 245.   The sum which the owner is enti-
tled to recover by reason of the construction of a railroad through
his land is the difference in the market value of the property
immediately before and after the construction of the road, and
if a witness has a knowledge of the requisite facts to enable
him to give the total amount of the difference, his inability to
give the elements of damage does not render him incompetent.
It simply affects the credit of the witness and the weight of
his testimony.   It may partly or wholly discredit his testimony
with the jury, but, as said by Mr. Justice AGNEW in White
Deer Creek Improvement Co. v. Sassaman, 67 Pa. 415, his
opinion of total or aggregate loss or value is permitted to go
to the jury as some evidence of the value of the property and
the damages sustained.

The question of the competency of a witness in cases
of this character is a preliminary question and the trial
court should see that the witness discloses his competency by
a proper examination before he is permitted to testify gen-
erally.

The learned judge of the court below was well within the rules as to the competency of witnesses in this class of cases, as announced in our decisions, and, therefore, the assignments of error are overruled and the judgment is affirmed.