## The William H. Moudy Manufacturing Company *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Eminent domain—Condemnation proceedings—Instructions—Practice, C. P.—Act of March 27, 1848, P. L. 273.*

On the trial of an appeal from a report of viewers in condemnation proceedings against a railroad company, the first inquiry to be made is whether any damages have been or may be sustained by the landowner, and if it be

determined that damages have been, or may be sustained, the next step is to ascertain and fix the amount thereof. Thus if two witnesses for the railroad company testify positively that the claimant did not suffer any damage, it is error for the court in its charge to assume that some damages should be allowed. It is the duty of the court in such a case to instruct the jury to determine first, whether any damages had been sustained, and that question being answered in the affirmative, then to fix the amount thereof.

In condemnation proceedings against a railroad the jury should be definitely instructed to determine, first, what would the property have sold for before the entry was made, and then what it would have sold for after the appropriation thereof, taking into consideration the expense and burden occasioned by the entry, the difference between the selling value of the land before and after being the measure of compensation for the injury committed.

Argued April 19, 1905. Appeal, No. 2, Jan. T. 1905, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1903, No. 15, on verdict for plaintiff in case of The William H. Moudy Manufacturing Company v. Pennsylvania Railroad Company. Before DEAN, BROWN, MESTREZAT, POTTER, and ELKIN, JJ. Reversed.

Appeal from report of viewers. Before WOODS, P. J.

The court charged in part as follows:

[In the case before you, the Pennsylvania Railroad Company desiring additional ground, proceeded under the law to condemn and take some of the ground of the William H. Moudy Manufacturing Company, the plaintiff in this case, and it now becomes your duty, gentlemen of the jury, to say how much this plaintiff is entitled to receive from the said railroad company for the damages, which it has sustained by reason of this taking.] [1]

It is not denied that the said defendant company has taken some of the land of the plaintiff company, but it is contended by the plaintiff that there is a strip of thirty feet by 300 feet which has been taken by the defendant company, but on the other hand the defendant company contends that part of the land taken was a public street, which would reduce the land taken from the plaintiff company by the defendant company to a strip twenty feet wide by 300 feet in length. Now, gentlemen of the jury, if you believe from the evidence that the borough of Mount Union adopted the plan, which has been sub-

mitted to your view for consideration, then we say to you, in arriving at your verdict, you should only consider the strip twenty feet in width by 300 feet long. The plaintiff company has produced a number of witnesses who testify that the damages sustained by reason of this taking range from $8,000 to $20,000. The plaintiff, by William H. Moudy himself, claims the damages amount to $15,000; other witnesses say $8,000 and still others range between that amount and $20,000.

[It is also in evidence by William H. Moudy himself that he paid $1,401 for the whole of the land, including the part taken, subject to a mortgage amounting with interest to $12,090, making $13,491 paid for this land. Now, gentlemen of the jury, in arriving at your verdict you must consider this sale in connection with the other evidence.] [2]

The plaintiff company on the other hand have produced witnesses who state that the damages sustained by the plaintiff range from $500 to $5,000. The question is a matter of fact for you to determine from the preponderance of the evidence, and by that I do not mean the evidence of the party who calls the greater number of witnesses, but the evidence which appeals to you as most fair and reasonable.

[Now, gentlemen of the jury, in making up your verdict, as to how much damages the plaintiff company has sustained, you must consider the value of the land taken; and secondly, what disadvantages has the plaintiff sustained by reason of the taking, what disadvantages have been cast upon the plaintiff and also what advantages has he gained. These are matters of fact to be considered by you in determining this case.] [3]

[There has been a great deal of stress laid on this mine roller saw. You must bear in mind that the defendant company does not deprive the plaintiff company of the use of this saw; it is still the property of the plaintiff company and can be used by it. You must consider all the damage, which has been done to the plaintiff company in making it hard to operate said saw and other machinery in said building. The machinery is still there, and, as I said, it still belongs to the plaintiff company to use in any way they see fit. What inconvenience would the plaintiff be put to in operating this machinery in the place where it is now located or in some other way? As I said before they have the machinery and you should

not allow plaintiff the full value of the machinery, simply because it cannot be operated in the place it now is.] [4]

Verdict and judgment for plaintiff for $6,229.16. Defendant appealed.

*Errors assigned* among others, were (1–4) above instructions, quoting them.

*John D. Dorris*, for appellant.—The instructions were erroneous : Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411 ; Tietz v. Phila. Traction Co., 169 Pa. 516 ; Becker v. R..R. Co., 177 Pa. 252 ; Balto. & Phila. R. R. Co. v. Springer, 21 W. N. C. 143.

*Thomas F. Bailey*, with him *K. Allen Lovell*, for appellee, cited : Setzler v. Penna. Schuylkill Valley R. R. Co., 112 Pa. 56.

OPINION BY MR. JUSTICE ELKIN, May 15, 1905 :

This is a proceeding under the Act of March 27, 1848, P. L. 273, to determine what damages, if any, were sustained by the appellee by reason of the taking of a strip of land owned by it, upon which to construct railroad sidings by the appellant company. The act provides, inter alia: "And after having made a fair and just comparison of said advantages or disadvantages, they shall estimate and determine whether any, and if any, what amount of damages have been sustained or may be sustained, and to whom payable, and make report thereof to the court." It will be observed that the first inquiry to be made by the viewers under the express provisions of the statute is whether any damages have been or may be sustained by the land owner. This is the primary question to be considered in every such proceeding. If it be determined that damages have been or may be sustained, the next step in the inquiry is to ascertain and fix the amount thereof. This course of orderly procedure applies to the court and jury as well as the viewers. Where it is conceded by both sides that damages to some extent have been sustained, and all the witnesses so testify, exact compliance with this order of procedure may not be material, but where the right to any damages is contested, and some of the

witnesses have testified that none have been sustained, failure to observe this rule is error if the complaining party has been injured thereby. In such cases the duty of definite and exact instructions to the jury rests upon the court. Sympathy for one side, or prejudice toward the other may lead to inequitable results unless the trial judge by a clear and concise statement of the law lays down correct rules as a measure of damages for the guidance of the jury. The rule applicable to such cases was announced by Mr. Justice GIBSON nearly a century ago in Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411, wherein it is said: " The only safe rule is to inquire what would the property unaffected by the obstruction have sold for, at the time the injury was committed? What would it have sold for, as affected by the injury? The difference is the true measure of compensation." This rule has never been departed from. It is the settled law of our state. It is true, incidental damages may sometimes be considered as bearing upon the question of depreciation in value under the general rule. The elements of disadvantage and burden imposed upon the land as a direct and necessary result of the location of the railroad upon it may be taken into consideration: Kersey v. Railroad Co., 133 Pa. 234. Such matters, however, cannot be considered as separate and distinct items on which to ascertain and assess damages. They can only be considered as affecting the value of the property before the land was condemned and after it was appropriated for the use intended. The jury should be definitely instructed to determine, first, what would the property have sold for before the entry was made, and then what it would have sold for after the appropriation thereof, taking into consideration the expense and burden occasioned by the entry, the difference between the selling value of the land before and after being the measure of compensation for the injury committed: Pittsburg, etc., Railway Company v. McCloskey, 110 Pa. 436; Pittsburg, etc., Railway Company v. Vance, 115 Pa. 325; Mahaffey v. Beech Creek Railroad Co., 163 Pa. 158.

The learned trial judge inadvertently, no doubt, failed to instruct the jury in reference to the legal rule as a measure of damages in this case. Two witnesses for the appellant having testified positively that the appellee did not suffer any damage, it was error for the court in its charge to the jury to assume

that some damages should be allowed. It was the duty of the court to instruct the jury to determine, first, whether any damages had been sustained, and that question being answered in the affirmative, then to fix the amount thereof. The failure to observe this rule may or may not have resulted injuriously to the appellant. Inasmuch, however, as the verdict returned was for a very large sum of money for the comparatively small amount of land taken, we cannot say no injury was done the appellant thereby. This court has frequently held that a charge was inadequate which failed to present to the consideration of the jury a clear statement of the rules of law applicable to the questions involved: Tiety v. Philadelphia Traction Co., 169 Pa. 516; Richards v. Willard, 176 Pa. 181; Clark v. Union Traction Co., 210 Pa. 636.

While the charge of the learned trial judge was full, fair and complete in all matters pertaining to the general features of the issue involved, it was clearly inadequate in the presentation of the exact legal rule for the measure of damages applicable to the case, and in other respects hereinbefore pointed out.

Judgment reversed and a venire de novo awarded.