# Sutton *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Eminent domain—Land damages—Evidence—Competency of witness—Instructions—Request for instructions.*

Witnesses are, competent to testify as to land values in railroad condemnation proceedings, where it appears that they are property owners, are well acquainted with the property under investigation, that they know what people are asking for property in the vicinity, and of the actual selling price of two or three properties, and that they had lived in the neighborhood for nearly twenty years, and had experience for a long period in appraising the values of properties for the purpose of making loans thereon.

On the trial of a railroad condemnation case the trial judge cannot be convicted of error in failing to call the attention of the jury to the assessed value of plaintiff's property, based on the testimony of the township assessor who had held office for many years, where it appears that the railroad company did not ask for specific instructions as to the weight to be given to the testimony of the assessor, or that the attention of the trial judge had been called to the omission to charge on this subject.

In the absence of request the court will not be reversed for what is left unsaid, if what was said was not misleading.

On the trial of an issue to assess damages for land taken by a railroad company for the purpose of widening its right of way, the defendant company is entitled to the affirmance of a point framed with the purpose of calling attention to the necessity for distinguishing between the results from the operation of the railroad at and before the time of the taking of the land in question, and those which might follow in increased measure from the future and enlarged operation of the road.

A party is entitled to a distinct and responsive answer to his points if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal.

Argued Jan. 31, 1906.  Appeal, No. 380, Jan. T., 1905, by defendant, from judgment of C. P. Montgomery Co., June T., 1903, No. 192, on verdict for plaintiff in case of William Henry Sutton v. Pennsylvania Railroad Company.  Before MITCH-ELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Appeal from award of jury of view.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $42,954.54.  Defendant appealed.

*Errors assigned* were (1, 2) in admitting the testimony of Joseph T. McClellan and Alfred Godwin; (3) in failing to call the jury's attention to the assessed valuation of plaintiff's property based upon the evidence of Charles Humphreys, who had been a real estate assessor for sixteen years; (4) answer to defendant's second point, point and answer being as follows:

2. If the plaintiff and his witnesses have failed to distinguish between the smoke, noise or dust, which may ensue exclusively from the new taking, and that which results from the operation of the railroad at the time of the present taking, plus that which may come from the increase of traffic on the present road as operated, then the jury have no basis upon which it may consider damages for smoke, noise or dust, as depreciating the market value of the plaintiff's property, and they may not allow one cent for speculative damages. *Answer:* The jury are not to allow anything for purely speculative damages; but, if, in this case, you find that, by reason of this new taking, there will be an increase of smoke, noise or dust, which may depreciate the value of the plaintiff's property,

then you can take that into consideration, in connection with the other damages, not as an independent item of damage, but it is to be considered amongst other damages, if you shall find that any damage has been created, or is likely to be created, by the increased smoke, noise or dust.

*N. H. Larzelere*, with him *C. Henry Stinson*, for appellant.— It was error to admit the testimony of plaintiff's witnesses for value: Ry. Co. v. Vance, 115 Pa. 325; Michael v. Crescent Pipe Line Co., 159 Pa. 99; Struthers v. R. R. Co., 174 Pa. 291; Friday v. Penna. R. R. Co., 204 Pa. 405.

The assessor's testimony should have been properly presented to the jury: Peirson v. Duncan, 162 Pa. 187; Renn v. Tallman, 25 Pa. Superior Ct. 503; Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244; Bisbing v. Third Nat. Bank, 93 Pa. 79; Penna. Canal Co. v. Harris, 101 Pa. 80.

*Montgomery Evans*, with him *John M. Dettra*, for appellee.— Plaintiff's witnesses were qualified: Hope v. R. R. Co., 211 Pa. 401; Reed v. R. R. Co., 210 Pa. 211; Galbraith v. Philadelphia Co., 5 Pa. Superior Ct. 178; Jones v. R. R. Co., 151 Pa. 30; Hewitt v. R. R. Co., 19 Pa. Superior Ct. 304.

OPINION BY MR. JUSTICE POTTER, March 5, 1906:

This is an appeal from a judgment entered upon the verdict of a jury, in the trial of an appeal from an award of viewers in proceedings to assess damages for the taking of plaintiff's land for railroad purposes.

The first and second assignments of error relate to the admission of the testimony of witnesses whose competency it is alleged was not established.  Both these assignments are faulty in failing to refer to the pages of the paper-book where the matter may be found in its regular order in the printed evidence. The two witnesses whose competency is questioned were property owners in the vicinity and were well acquainted with the property in question.  They did not claim to be experts, but said they were able to judge of the value of plaintiff's property because they knew what people were asking for property and what they were willing to pay for it in the vicinity, and they also knew the actual selling price of properties in the neighbor-

hood.   It is true that each of them specified only two or three
properties.   But there was no cross-examination to test their
further knowledge in this respect.   It may be that further in-
terrogation would have shown that they possessed a wider ac-
quaintance with the values of specific properties.   Both of
the witnesses had lived in the neighborhood for nearly twenty
years, and one of them had had an experience of nearly that
length of time in appraising the values of properties for the
purpose of making loans thereon.   We cannot say that either
of these witnesses fell short of the standard laid down in Friday
v. Pennsylvania R. R. Co., 204 Pa. 405 ; Reed v. R. R. Co.,
210 Pa. 211, and Hope v. R. R. Co., 211 Pa. 401.   Their quali-
fication for estimating intelligently the injury sustained by the
plaintiff in this case would seem to have been quite up to the
requirements held sufficient in Leiby v. Water Co., 205 Pa.
634, where two witnesses living in the neighborhood and familiar
with the ground taken by defendant, but neither of whom could
recall more than two actual sales, were held to be competent.
These assignments are therefore not sustained.

    The third assignment of error complains that the court be-
low failed to call the attention of the jury to the assessed value
of plaintiff's property, based on the testimony of the township
assessor, who had held that office for sixteen years.   The court
did, however, in the course of the charge, call attention in a
general way to the qualifications of the witnesses and pointed
out that it was the special business of some of them who were
real estate agents, to be informed as to the value of lands in
the vicinity.   Reference was also made to other witnesses who
were not experts but who owned lands in the neighborhood.
It is suggested in the argument that the defendant's witness,
Humphreys, who had been the township assessor for many
years, was such a specially well qualified and disinterested
witness as to the value of plaintiff's land, that the omission of
the court to refer in any way to his testimony must have seri-
ously prejudiced the defendant's case.   The trial judge might
very well have called the attention of the jury to the special
qualifications of this witness, whose training and observation
had apparently fitted him to speak accurately with regard to
the value of the land.   The propriety of a similar instruction
was upheld in Heilbruner v. Wayte, 51 Pa. 259, which was an

action to recover the price of timber sold.    There a public measurer was called as a witness to the condition of the timber when delivered.    The court charged that " The measurer is generally a sworn officer, and what he does is to be taken at least as prima facie evidence that his measurement was correct."    The action of the court in that case, in impressing upon the jury the idea that the testimony of the public measurer was of more value than the testimony of other witnesses, was assigned as error, but this court dismissed the assignment and affirmed the judgment.    At the trial of the present case the defendant did not ask for specific instructions as to the weight to be given to the testimony of the assessor, nor does it appear that the attention of the trial judge was called to the omission to charge on this subject.    If specific instructions upon this point were desired, they should have been asked for.    " In the absence of request the court will not be reversed for what is left unsaid, if what was said was not misleading : " Ott v. Oyer, 106 Pa. 6.

The fourth assignment of error complains of the refusal of a point in which the trial judge was asked to instruct the jury as to the weight to be given to the testimony of plaintiff's witnesses as to damages resulting from smoke, noise and dust. The point submitted appears to have been a proper one, as it called attention to the necessity for distinguishing between the results from the operation of the railroad at and before the time of the taking of the land in this case, and those which might follow in increased measure from the future and enlarged operation of the road.    The answer of the trial judge was not responsive to this point, as he merely instructed the jury that they might consider the probable increase of smoke, noise and dust in connection with the other damages.    But the intention of the point as presented, was evidently to cause the jury to scrutinize the evidence of the witnesses, to see whether, in making their estimate of damages, they had distinguished between the injuries resulting from the operation of the road as it had been conducted, and those which would be caused by the operation of the road under the new construction.    This was a proceeding to widen the roadbed, and in so far as damages from smoke, dust and noise were concerned, it was only the increased burden in this respect, caused by the operation of the

widened roadway, which could be considered. If the witnesses had failed to make this distinction, as was suggested in the point, then the basis upon which they estimated that portion of the damages was incorrect. The credibility of the witnesses was for the jury and the instruction asked for was intended to remind the jury that, before accepting the estimate of the witnesses, they must be satisfied that in so far as it related to smoke, noise and dust, it was confined exclusively to those resulting from the new taking. In any view of the case, the defendant was entitled to a direct answer to this point, and the failure of the court to give it was error. Chief Justice TILGHMAN said in Smith v. Thompson, 2 S. & R. 49 (51): " When a question is distinctly proposed to the court, the party proposing it is entitled to a distinct answer, and it is error to refuse or evade it. This is a rule of very great importance." Again, in Whitmire v. Montgomery, 165 Pa. 253 (261) Justice FELL says, " The rule is that a party is entitled to a distinct and responsive answer to his points if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal."

The fourth assignment of error is therefore sustained, and the judgment is reversed with a venire facias de novo.