## The William H. Moudy Manufacturing Company v. Pennsylvania Railroad Company, Appellant.

*Railroads—Eminent domain—Widening—Measure of damages.*

In a proceeding against a railroad company to assess damages for a strip of land taken to widen the railroad company's right of way, it is error to charge that there can be a recovery for the value of the land in any event, and that this value as a distinct item should enter into the verdict.   In such a case the measure of damages is the difference between the market value of the whole tract of land with its buildings before the appropriation, and the market value of what remains after the appropriation.

The value of the land is to be determined, not only by the use to which it is put at the time of the condemnation, but by any use to which it was then adapted or to a prospective use which at the time gave it a market value.   It is the present conditions and not future possibilities which are to be considered.

Argued April 16, 1906.   Appeal, No. 334, Jan. T., 1905, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1903, No. 15, on verdict for plaintiff in case of The William H. Moudy Manufacturing Company v. Pennsylvania Railroad Company.   Before FELL, BROWN, POTTER, ELKIN and STEW-ART, JJ.   Reversed.

Appeal from award of jury of view.   Before WOODS, P. J.
See William H. Moudy Manufacturing Co. v. Pennsylvania Railroad Co., 212 Pa. 156.

Plaintiff presented the following points:

1. The Pennsylvania Railroad Company, the defendant, under its right of eminent domain, having condemned a strip of land owned by the plaintiff company, which strip of land is of the length of 300 feet and of an average width of thirty feet, and having taken the said strip for railroad purposes, the plaintiff company is entitled to recover for the actual market value of the land so taken. *Answer:* This point is affirmed if the jury believe from the evidence that no street existed and that all the land belonged to the plaintiff; otherwise, it would only be entitled to twenty feet by 300 feet. [1]

3. The railroad company, having taken under its right of eminent domain a strip of land belonging to the plaintiff, the plaintiff is entitled to recover the actual value of the land taken. In considering such value they are to consider the uses to which the land was or could be put, and all other circumstances shown by the evidence in any way tending to affect the value thereof; and this will be the first item of the verdict. *Answer:* This point is affirmed. [2]

7. In estimating the damages the jury are not to be limited to any particular use of the land, but the adaptation of the property in question to any particular use, to which it has been or may be applied, is a proper element to be considered by the jury in estimating its market value before and after the change was made by the defendant company. *Answer:* This point is affirmed. [3]

Verdict and judgment for plaintiff for $6,500. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*John D. Dorris*, for appellant.—The affirmance of plaintiff's third point was erroneous: Spring City Gas Light Co. v. R. R. Co., 167 Pa. 6; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411.

*Thomas F. Bailey*, for appellee.—In estimating the damages the jury are not to be limited to any particular use of the land: Shenango & Allegheny R. R. Co. v. Braham, 79 Pa. 447; Wil-

son v. Equitable Gas Co., 152 Pa. 566; Harris v. R. R. Co., 141 Pa. 242; O'Brien v. Ry. Co., 194 Pa. 336.

OPINION BY MR. JUSTICE FELL, April 30, 1906 :

The general rule in estimating damages resulting from the appropriation of a part of a tract of land in the exercise of the right of eminent domain was correctly stated in the charge, but the answers to the plaintiff's points on the subject were not free from error. The plaintiff is a manufacturing corporation and owned a piece of land 182 by 300 feet on a part of which its main factory and other buildings were situated. The defendant in order to provide better siding facilities for this and other manufactories in the vicinity appropriated a strip of land about thirty feet wide and extending along one side of the plaintiff's property. Whether any damage had been sustained by the plaintiff was a disputed question of fact at the trial.

By the first point the court was asked to charge that the plaintiff was entitled to recover the actual market value of the land taken. This request was repeated in the third point with the addition that the market value ascertained " will be the first item of the verdict." By the affirmance of these points the jury were instructed that there could be a recovery for the value of the land in any event and that this value as a distinct item should enter into their verdict. This was error. The measure of damages was the difference between the market value of the whole tract of land with its buildings before the appropriation and the market value of what remained after the appropriation. As stated by Justice ELKIN in the opinion of the court on the former appeal in this case, see Moudy Mfg. Co. v. R. R. Co., 212 Pa. 156, there has been no departure from this rule announced nearly a century ago in Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411. The value of the land taken was an element of damages, to be considered in connection with the injury or advantage to the remainder in fixing the market value after the appropriation, but there could be no finding for the value irrespective of the advantage to the remainder.

It is argued that by the use of the words " may be " in the seventh point in the sentence, " In estimating the damages the jury are not to be limited to any particular use of the land, but

the adaptation of the property in question to any particular use, to which it has been or may be applied, is a proper element to be considered," etc., the jury were allowed to consider possible future conditions in fixing the market value. The value was to be determined not only by the use to which the land was then put, but by any use to which it was then adapted or to a prospective use which at the time gave it a market value. It was, however, the present conditions and not future possibilities that were to be considered. In view of the instruction in the general charge we do not think that the jury were misled by the affirmation of this point. The fourth assignment is not sustained for the reason that the question overruled was afterwards substantially repeated and answered by the witness. The first and second assignments are sustained and the judgment is reversed with a venire facias de novo.