## Mitchell, Appellant, *v.* The Columbia & Port Deposit Railway Company.

*Railroads—Eminent domain—Condemnation proceedings—Damages—
Evidence.*

    1. An appeal from the report of a jury of view awarding damages
in a railroad condemnation proceeding is not an action for trespass
for an illegal entry entitling the plaintiff to a verdict upon mere proof
of the entry.  It is an action for damages alleged to have been sustained
by the lawful entry of the railroad company under the right of eminent
domain, and before the plaintiff can recover he must prove the differ-
ence in the market value of his property immediately before and after
the construction of the railroad.  If he fails to do this a nonsuit is prop-
erly entered.

    2. A witness in a railroad condemnation case will not be permitted
to express an opinion on the value of the land condemned, where it
appears that he never lived in Pennsylvania, was not acquainted with
the value of property in the vicinity, and only professed knowledge
of property of a similar character thirty miles away in another state;
nor will another witness be permitted to express an opinion where it

appears that he had been on the tract forty years before, but could not say when he last saw it, and did not pretend that he was acquainted with the value of property in the neighborhood.

Argued May 15, 1911. Appeal, No. 62, Jan. T., 1911, by plaintiff, from order of C. P. Lancaster Co., Aug. T., 1908, No. 91, refusing to take off nonsuit in case of Mary A. Mitchell v. The Columbia & Port Deposit Railway Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Appeal from award of viewers. Before LANDIS, P. J. The opinion of the Supreme Court states the case.

*Errors assigned* were (1) refusing to take off nonsuit; (4–6) refusing to permit plaintiff's witnesses, R. O. Mitchell and J. Frank Bowman, to express an opinion as to values.

*B. F. Davis,* for appellant.

*W. U. Hensel,* for appellee.

PER CURIAM, July 6, 1911:

The appellant presented her petition to the court below for the appointment of viewers to assess the damages which she alleged she had sustained by the entry of the appellee upon her land for railroad purposes. On appeal from the report of the viewers an issue was framed for the purpose of having a jury pass upon the question of what damages, if any, she had sustained. The action was not, as her counsel contends, one of trespass for an illegal entry, entitling her to a verdict upon mere proof of the entry. It was for damages alleged to have been sustained by the lawful entry of the railroad company under the right of eminent domain, and before the plaintiff could recover she was required to prove the difference in the market value of her property immediately before and after the construction of the railroad: Hope v. Philadelphia & Western R. R. Co., 211 Pa. 401; Moudy Manufacturing Co. v. Penna. R. R. Co., 212 Pa. 156. No competent testimony

as to this was offered, and the judgment of nonsuit necessarily followed when asked for. Mitchell and Bowman, the exclusion of whose testimony is complained of by the fourth, fifth and sixth assignments, were clearly incompetent witnesses for the purpose for which they were called. Mitchell never even lived in Pennsylvania and stated frankly to the court that he was not acquainted with the value of property in the vicinity of the plaintiff's before the railroad went through it. All the knowledge he professed to have was of property of the same character in the state of Maryland—thirty miles away from appellant's. Bowman had been on the tract forty years before, but could not say when he last saw it and did not pretend that he was acquainted with the value of property in the neighborhood.

Judgment affirmed.